Justice Ginsburg,
with whom Justice Breyer joins,
concurring in the judgment.
I agree with the Court that the Government is not an ordinary trustee. See ante, at 181-183. Unlike a private trustee, the Government has its own “distine[t] interest” in the faithful carrying out of the laws governing the conduct of tribal affairs. Heckman v. United States, 224 U. S. 413, 437 (1912). This unique “national interest,” ibid., obligates Government attorneys, in rendering advice, to make their own “independent evaluation of the law and facts” in an effort “to arrive at a single position of the United States,” App. to Pet. for Cert. 124a (Letter from Attorney General Griffin B. Bell to Secretary of the Interior Cecil D. Andrus (May 31, 1979)). “For that reason,” as the Court explains, “the Government seeks legal advice in a ‘personal’ rather than a fiduciary capacity.” Ante, at 181, 182. The attorney-client privilege thus protects the Government’s communications with its attorneys from disclosure.
*188 Going beyond attorney-client communications, the Court holds that the Government “assumes Indian trust responsibilities only to the extent it expressly accepts those responsibilities by statute.” Ante, at 177. The Court therefore concludes that the trust relationship described by 25 U. S. C. §162a does not include the usual “common-law disclosure obligations.” Ante, at 184. Because it is unnecessary to decide what information other than attorney-client communications the Government may withhold from the beneficiaries of tribal trusts, I concur only in the Court’s judgment.